**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHITUNDA TILLMAN SR., | Case No. 1:24-cv-12587 |
| Plaintiff, | |
| v. | Judge: Jeffrey I. Cummings |
| EXPERIAN NATIONAL CONSUMER ASSISTANCE CENTER, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION LLC, CITIBANK, N.A., | Magistrate: Maria Valdez |
| Defendants. | |

**DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S OPPOSED JOINT MOTION TO STAY PENDING CITIBANK'S MOTION TO COMPEL ARBITRATION**

Defendants, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants"), by their attorneys, hereby requests that the Court stay this action pending Defendant Citibank's Motion to Compel Arbitration (the "Motion to Compel") with Plaintiff. In support of their Motion, the CRA Defendants respectfully state as follows:

**INTRODUCTION**

*Pro se* Plaintiff Chitunda Tillman, Sr. originally filed this suit in this Court on December 6, 2024, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* ECF No. 1. Plaintiff has since amended his Complaint three times, most recently on October 16, 2025. ECF No. 49[1].

---

[1] On February 18, 2026, Plaintiff filed a Rule 15(d) Motion for Leave to File a Proposed Supplemental Complaint. (ECF No. 82). Equifax's filed its Response in opposition to same on March 4, 2026 (ECF No. 84).

323788070v.1

1

On November 3, 2025, Citibank filed its Motion to Compel, pursuant to an arbitration agreement between Plaintiff and Citibank. ECF No. 51. Because of the intertwined nature of the allegations, the likelihood of a potential arbitration resolving accuracy, and the risk of incongruous results, the CRA Defendants hereby move this Court to stay this matter in its entirety pending the Motion to Compel.

## STANDARD OF LAW

It is well accepted that a "district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683, 117 S. Ct. 1636, 1639, 137 L. Ed. 2d 945 (1997); *see also 555 M Mfg., Inc. v. Calvin Klein, Inc*., 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998) (holding that a district court has the inherent power to stay proceedings in a case when the interests of justice require such an action).

Courts often consider the following factors when deciding whether to stay an action: "(1) whether the litigation is at an early stage, ...; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Woods v. Dimensions Living Cudahy*, LLC, No. 25-CV-378-JPS, 2026 WL 194680, at *2 (E.D. Wis. Jan. 26, 2026).

Further, when faced with a motion to stay in a case involving arbitrable and non-arbitrable issues, a court must determine whether to stay the suit pending arbitration of the arbitrable issue or to allow the suit and the arbitration to move forward simultaneously. *WMS Gaming, Inc. v. IGT*, 31 F. Supp. 3d 974, 977 (N.D. Ill. 2014) (granting the defendant's motion to stay proceedings pending arbitration because the most-relevant factor is the likelihood that the court might be

confronted with the arbitrable issue, thereby intruding on the authority of the arbitration panel and risking ruling inconsistent with the panel's decision).

These considerations weigh in favor of staying this case pending the Motion to Compel and possible, subsequent, arbitration. As explained below, questions regarding the accuracy of Citibank's reporting and any damages will be resolved in the arbitration. These issues closely resemble, if not mirror, the issues pending before this Court with respect to Plaintiff's claims against the CRA Defendants. A stay would promote efficiency, avoid confusion and inconsistency, and would not unduly prejudice any of the parties.

### ARGUMENT AND AUTHORITIES

**A.      The Claims Against the CRA Defendants Should be Stayed Because Plaintiff's Claims Relate to a Key Issue to be Decided in Arbitration – Accuracy of the Citibank Account**

This Court should stay the current action against the CRA Defendants pending resolution of the Motion to Compel in the interest of efficiency and judicial economy. A stay is particularly appropriate when questions of fact common to all parties or issues pending in the matter are likely to be settled during the arbitration. *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999); *Kroll v. Doctor's Assocs., Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993); *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Va.*, 629 F.2d 961, 964 (4th Cir. 1980); *see also Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007) ("In many instances, moreover, district courts actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court."). This is true even if the parties and issues are not identical. *Landis v. N.A. Co.*, 229 U.S. 248, 254 (1936).

Here, Plaintiff's claims against the CRA Defendants entirely depend, as a threshold matter, on whether Citibank's reporting was inaccurate. Plaintiff brought claims against the CRA

Defendants under 15 U.S.C. §§ 1681e(b) and 1681i, alleging that the CRAs failed to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports about Plaintiff, failed to reasonably reinvestigate his disputes. ECF No. 49 ¶¶ 45, 57, 63. Inaccuracy is a key issue for Plaintiff's FCRA claims.

To prevail on his reasonable procedures claim under § 1681e(b), Plaintiff must "establish that: (1) [the CRA Defendants] failed to follow reasonable procedures to assure the accuracy of [their] reports; (2) the report in question was, in fact, inaccurate; (3) [Plaintiff] suffered injury; and (4) [the CRA Defendants] failure caused his injury." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 473 (10th Cir. 2013); *Cassandra v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). "[A] showing of inaccuracy is an essential element of a § 1681e(b) claim." *Lewis v. Midland Credit Mgmt.,* 2016 WL 4747414, at *2 (W.D. Okla. Sept. 12, 2016) (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)).

Likewise, to prevail on his reinvestigation claim under §1681i, Plaintiff "must prove essentially the same elements as those for a 1681e(b) claim," including inaccuracy. *Wright*, 805 F.3d at 1242. Without an inaccuracy, Plaintiff's § 1681i claim will fail. *See id.* "Accordingly, if there is no genuine issue as to whether the … debt reported by [the CRA Defendants] was inaccurate, [Plaintiff's] claim fails as a matter of law." *Lewis*, 2016 WL 4747414, at *2 (quotations omitted).

The possible arbitration between Plaintiff and Citibank will necessarily adjudicate the accuracy of Citibank's reporting, which will, in turn, impact Plaintiff's claims against the CRA Defendants. Plaintiff claims that Citibank's reporting to the CRA Defendants was inaccurate. The

323788070v.1

arbitration, should it be allowed to proceed, will determine this key question of inaccuracy. If there was no inaccuracy at the outset, Plaintiff has no claim against the CRA Defendants. *See id.*

The arbitration between Plaintiff and Citibank will also shed light on the existence and extent of Plaintiff's claimed damages, as well as whether any such damages were caused by a third party receiving a credit report prepared by the CRA Defendants containing the allegedly inaccurate information from Citibank. Because causation of damages is an element of Plaintiff's claims against the CRA Defendants, the arbitration will inform yet another key issue in Plaintiff's claims against the CRA Defendants.

It would be inefficient for Plaintiff and the CRA Defendants to engage in expensive and burdensome discovery when these issues will soon be decided at arbitration. Courts have often granted a stay under this situation. *See, e.g.*, *Gouger*, 2020 WL 1320723 (granting CRAs' motion to stay because "there are overlapping issues that will be resolved in arbitration. To prevail against the CRAs, plaintiff must establish the inaccuracy of Citibank's reports to the CRAs, injury, and causation of damages – threshold issues that Citibank will address in arbitration."); *Yan Ma v. TransUnion LLC*, 2018 WL 6177229, at *2-3 (C.D. Cal. Sept. 21, 2018) (granting CRAs' motion to stay because "[i]ssues relevant to the claims against the CRAs, including account accuracy … will be addressed in the arbitration between Plaintiff and Synchrony, so a stay of the entire case would simplify the issues, proof, and questions of law at issue in Plaintiff's claims against the Defendant CRAs"); *Barron v. Best Buy Co.*, 2017 WL 4019303, at *2 (S.D. Miss. Sept. 11, 2017) (granting CRAs' motion to stay the case pending arbitration "in the interest of judicial economy, as it would prevent the unnecessary expenditure of resources in the event that the arbitrator determines the information Citibank / Best Buy provided to the CRA Defendants was accurate"); *Karmolinski v. Equifax Info. Servs., LLC*, 2005 WL 7213289, at *5 (D. Or. Oct. 31, 2005) (granting

323788070v.1

CRAs' motion to stay pending plaintiff's arbitration with the furnisher because "[i]f the information Citibank provided to the [CRAs] was accurate … plaintiff may not have a cause of action against the [CRAs]"). Accordingly, the CRA Defendants respectfully submit that a stay is appropriate in the interest of judicial economy.

**B.      The Claims Against the CRA Defendants Should be Stayed to Prevent Inconsistent Results**

A stay of proceedings is further warranted in this case to avoid confusion and inconsistent results. The possibility of inconsistent results is problematic for all parties. Should the proceedings against the CRA Defendants continue in federal court while the potential arbitration is pending, Citibank's reporting could be found accurate in one action but inaccurate in the other. The same inconsistent result could happen with respect to Plaintiff's claimed damages. These and any other potential sources of confusion and inconsistency could be avoided by staying the claims against the CRA Defendants in this proceeding until the arbitration concludes.

Further, allowing this litigation and the arbitration to proceed simultaneously and in parallel might result in a violation of the one-satisfaction rule. The one-satisfaction rule prevents a plaintiff from recovering damages twice from separate parties. *See, e.g.*, *Friedland v. Indus. Co.,* 566 F.3d 1203, 1209 (10th Cir. 2009); *Chisolm v. UHP Projects, Inc.,* 205 F.3d 731, 737 (4th Cir. 2000). Allowing Plaintiff to proceed separately against Citibank in an arbitration and against the CRA Defendants in this litigation would risk allowing Plaintiff to recover his damages more than once.

**C.      The Requested Stay Is Not Immoderate**

Finally, the CRA Defendants' requested stay is limited in duration and "kept within the bounds of moderation," such that it does not present undue hardship on Plaintiff or any other party. *See Landis*, 299 U.S. at 256. The CRA Defendants request a stay only until the Court rules on

323788070v.1

Citibank's Motion to Compel and, should the Court grant the Motion to Compel, until issuance of an arbitration award. If the Motion to Compel is denied, or if it is granted and a resolution of the arbitration leaves open any disputed matters between the CRA Defendants and Plaintiff, these proceedings could be revived and those issues litigated.

Moreover, allowing a stay likely will not result in any hardship on the Plaintiff. To the contrary, Plaintiff will be able to save on litigation costs and spared having to duplicate his efforts in both the arbitration and this litigation. As contracting parties to the disputed account, Plaintiff and Citibank are in a far better position to determine the accuracy of the reporting than the CRA Defendants. *See Gorman v. Wolpoff & Abramson, LLP,* 584 F. 3d 1147, 1156 (9th Cir. 2009) ("Indeed, as the statute recognizes, the furnisher of credit information stands in a far better position to make a thorough investigation of a debt than the CRA does on reinvestigation."). The CRA Defendants are, for the most part, third parties here. They were not party to the credit card agreement between Plaintiff and Citibank or to any discussions, modifications, or adjustments between the two. The CRA Defendants rely on information from Plaintiff and Citibank to ensure compliance with the FCRA, and a stay pending resolution of the arbitration between the two would seem reasonable given the relationship among the parties and the nature of Plaintiff's dispute.

## CONCLUSION AND CERTIFICATION

For the foregoing reasons, Equifax, Experian, and Trans Union respectfully request that the Court stay the claims against the CRA Defendants pending the outcome of the Motion to Compel. The CRA Defendants further request all other just and appropriate relief.

Pursuant to Local Rule 37.2, the parties have conferred in good faith about their positions on conducting discovery while the Motion to Compel is pending. On March 23, 2026, counsel for

323788070v.1

7

Trans Union conferred via phone with Plaintiff regarding this Motion. On March 26, 2026, Plaintiff confirmed via email to the CRA Defendants that he opposes this Motion.

DATED: March 27, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Paige Vacante*

Paige Vacante, Bar No. 1019135
pvacante@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Firm I.D. No. 90747

8

323788070v.1

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.


By: */s/ Camille N. Nicodemus*
      Camille N. Nicodemus, Bar No. 2452849
      cnicodemus@qslwm.com
      QUILLING, SELANDER, LOWNDS,
      WINSLETT & MOSER, P.C.
      10333 North Meridian Street, Suite 200
      Indianapolis, Indiana  36290
      Telephone:  (317) 497-5600, Ext. 601
      Facsimile:  (317) 899-9348

*Counsel for Defendant*
*Trans Union LLC*

TROUTMAN PEPPER LOCKE LLP


By: */s/ John E. Komisin*
      John E. Komisin
      jed.komisin@troutman.com
      TROUTMAN PEPPER LOCKE LLP
      1001 Haxall Point, 15th Floor
      Richmond, Virginia  23219
      Telephone:  (804) 697-1872

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I presented the foregoing DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S OPPOSED JOINT MOTION TO STAY PENDING CITIBANK'S MOTION TO COMPEL ARBITRATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Paige Vacante*
Paige Vacante
*Counsel for Defendant*
*Equifax Information Services LLC*

323788070v.1